Johnson, J.
delivered the opinion of the Court.
The question, whether the plaintiffs’ testatrix had, or had not, given the negro in dispute to the defendant’s wife, was one purely of fact, of which the jury were the legitimate judges. The Court does, it is true, in extreme cases, exercise the power of setting aside a verdict; but it is only in those cases, where the verdict is so palpably against evidence, as to leave no doubt but that it is erroneous. The plaintiffs here have no such claim upon the Court: The gift was fully and distinctly proved, and if the witnesses were worthy of credit, of which the jury were the judges, there could be no doubt about the defendant’s right to a verdict. So that the case is narrowed down to the two questions of law which are made in the brief. They are : 1st, whether evidence of the declarations of the donor, subsequent to the gift, that she had not given, ‘were admissible : 2d, whether reserving hire, and the right to resume possession of the negro, if the donor should require it, vitiated the gift.
There is, perhaps, no principle better settled, than that when one has entered into a contract, made a gift, or done any other act, by which he is bound, he cannot, by any subsequent act, or declaration of his own, avoid or discharge himself from it. If then the gift, by the testatrix to the defendant’s wife, was proved, her subsequent declarations were, upon general principles, inadmissible, for the obvious reason that they were irrelevant. They were, therefore, properly rejected.
*116 Cases do sometimes arise, in which proof of the gift is made up of repeated declarations of the donor, running through several years; or such declarations are brought in, by the party claiming under it, in support of doubtful evidence of the gift. In these, and such like cases, such declarations are admissible, in reply to such evidence. The case of Sims v. Saunders, Harp. 374, is an illustration of this ; and the counsel for the motion claims to have been intitled to introduce the declarations in this case, in reply to the evidence of Peter Gamble, who spoke of the after declarations of the donor, affirmatory of the gift: But the Judge reports, that these were volunteered by the witness, and were not elicited by any question put by the counsel, but on the contrary, were disclaimed by him. They were also taken away from the jury, as far as the authority of the Judge could effect it; and in all probability were not taken in to account by them. If every irrelevant and improper expression of a witness, when giving evidence, should be held a sufficient ground for the admissibility of evidence in reply, it would be difficult to put an end to any suit in which witnesses were sworn. Every one, who has any experience, must know how difficult it is, to confine a witness to the precise question in issue, and to restrain him from telling all he knows of the matter, whether admissible or not: This arises as well from his ignorance of what is, and what is not legal evidence, as from his belief, that he is bound by his oath to speak all that he knows of the matter. All that the Court and jury can do, is to judge of the case independently of such evidence ; and it will be presumed, that they did so. If it should appear, that it was suffered to operate on the case, it would doubtless furnish a good ground for sending the case back; but here the proof was plenary without it.
The affirmative of the second position is, I think, equally untenable. The evidence, if it establishes any thins', proves incontestably an absolute gift, consummated by an actual delivery; and the foundation of the proposition is, that the reservation of hire, and the right to resume the possession, were inconsistent with the gift: and hence it is concluded, that the testatrix never parted with the property in the negro.
'Hiere is no doubt about the position, that if one parts with the possession of property under any circumstances whatever, reserv-. ing to himself the unqualified right to resume it, and the dominion *117 over it, at pleasure ; the property in the thing still remains in him. But it would appear to me, impossible to draw this conclusion, from the facts proved on the trial of this case. The gift, as before remarked, was absolute and unconditional. The reservation of the right to borrow, if the donor should again take up house-keeping, or to receive something like hire if she should stand in need of it, was a condition, not precedent and dependent, but subsequent and independent. It imposed on the donee an obligation, which she was bound to fulfil; and the subsequent payment of hire, so far from avoiding the gift, was the performance of the condition, upon which it was made, and operated to perfect it, if any thing was wanting.
Motion refused.